UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISON

ANDREW SHEETS,

    Plaintiff,

v.                                              Case No. 2:25-cv-00653-SPC-NPM

CITY OF PUNTA GORDA, JOSEPH
ANGELINI in personal capacity, JOSE
DELGADO in personal capacity,

    Defendants.

_____/

## **DEFENDANTS ANGELINI AND DELGADO'S MOTION TO DISMISS**

Defendants, Officers Joseph Angelini and Jose Delgado, in their individual capacities, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), file the following motion to dismiss:

### **Introduction**

Plaintiff brings yet again another lawsuit against the City of Punta Gorda and its officers.[1] This time, on July 22, 2021, Plaintiff alleges he was "protesting" on a public sidewalk in front of a local elementary school. Naturally, this prompted some concern from parents and members of the school and ultimately ended in Plaintiff's

---

[1] *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-JLB-KCD; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-JLB-KCD; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-JLB-KCD; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-JLB-KCD; *Sheets v. Pribble*, 2:25-cv-500-JLB-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC-NPM; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-JLB-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-JLB-NPM; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-NPM; *Sheets v. Angelini et. al.*, 2:25-cv-00653-SPC-NPM

1

arrest and subsequent prosecution. (Exhibit 1, Affidavit). Unhappy with his criminal case, Plaintiff initially sued the judge presiding over the case, Judge Peter Bell. *See Sheets v. Bell*, 2:23-cv-35-JLB-KCD. Plaintiff was unsuccessful. Plaintiff was tried and convicted pursuant to Florida Statutes 877.03 (Breach of Peace) and Florida Statute 877.13(1)(A) (Disruption of a School Function). (Exhibits 2 & 3). *See State of Florida v. Sheets*, (Charlotte County Court, Case No: 21001041M). Unhappy with that outcome, Plaintiff moved for ineffective assistance of counsel, which was ultimately denied. Then Plaintiff moved for postconviction relief – again, denied. Now, Plaintiff brings suit against Officers Angelini and Delgado, alleging identical claims against each for retaliation and viewpoint discrimination under the First Amendment, false arrest under the Fourth Amendment, and an equal protection violation under the Fourteenth Amendment. (Doc. 1, Pg. 3).

## Grounds for Motion

1. Plaintiff's case is completely barred by *Heck v. Humphrey*.
2. Officers Angelini and Delgado are entitled to qualified immunity, as there was probable cause for the arrest.

## Memorandum of Law

### I. Standard

In evaluating the sufficiency of a complaint, the court must accept well pleaded facts as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998). However, if the plaintiff can prove no

set of facts that would entitle him to relief, then the defendant is entitled to a dismissal for failure to state a claim. Although the plaintiff is not held to a very high standard on a Rule 12(b)(6) motion, the plaintiff is still required to "allege some specific factual bases for those conclusions or face dismissal" of the claim. *Jackson v. Bellsouth*, 372 F.3d 1250, 1263 (11th Cir. 2004). Moreover, in reviewing a motion to dismiss, the court need only accept *well pleaded facts* and reasonable inferences drawn from those facts. Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a rule 12(b)(6) dismissal. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003).

*Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012). A court cannot rewrite an inadequate complaint to plead essential allegations in order to sustain an action. *Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, *1568 (M.D. Fla. April 13, 1995).

## II.    Plaintiff's Lawsuit is Barred by *Heck v. Humphrey*

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff cannot use § 1983 as a vehicle to attack collaterally a state court conviction and later imprisonment – at least not unless the conviction was "reversed …, expunged by executive order, declared invalid by a state tribunal …, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994).

3

Plaintiff pleads no facts to suggest a favorable determination of his underlying criminal case – and a quick peak at Plaintiff's underlying state criminal case verifies this fact. A jury of Plaintiff's peers concluded he was guilty of breach of the peace, as well as disruption of school function. (Ex. 2, 3).

The existence of probable cause is an absolute bar to a §1983 claim of false arrest. *Davis v. City of Apopka*, 78 F.4th 1326, 1333 (11th Cir. 2023). Since Plaintiff was ultimately convicted of the very same offenses he was arrested for, a finding that Angelini and Delgado lacked probable cause to arrest him for that crime would imply the invalidity of his subsequent conviction. *See e.g., Clement v. McCarley*, 708 F. App'x 585, 589 (11th Cir. 2017) ("Mr. Clement's false arrest claim was barred by *Heck*. His claim would clearly imply the invalidity of his convictions because it is based on the assertion that there was no probable cause to believe he had committed the offense for which he was convicted."); *Lloyd v. Leeper*, 451 F. Supp. 3d 1314, 1328 (M.D. Fla. 2020) ("Here, Lloyd's false arrest claim ... is based upon his contention that there was no probable cause to arrest him because he, Lloyd, did not possess either drugs or counterfeit currency. In other words, to prevail on his false arrest claim, Lloyd would have to prove that he was innocent of the crime of which he was convicted.").

Here, the charging affidavit[2] and Plaintiff's complaint indicates that Plaintiff was arrested under Florida Statutes 877.03 (Breach of Peace) and Florida Statute

---

[2] The affidavit has long been public record and as filed in the docket of Plaintiff's criminal case. *See State of Florida v. Sheets*, Case No: 21001041M (Charlotte Cty. Ct. 2021) (DIN #2).

4

877.13(1)(A) (Disruption of a School Function). (Ex. 1) He was subsequently tried and convicted for these crimes. A determination by this Court that there was a lack of probable cause by Angelini or Delgado for Plaintiff's arrest is a collateral attack on the determination of a Charlotte County jury. The inquiry should end here and Plaintiff's complaint dismissed with prejudice.

### III. Angelini and Delgado are Entitled to Qualified Immunity

#### a. Qualified Immunity Standard

Most importantly, Officers Angelini and Delgado are entitled to qualified immunity. The Supreme Court "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232, (2009) (*quoting Hunter v. Bryant*, 502 U.S. 224, 227, (1991) (per curiam)). "Although 'the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 555 U.S. at 231 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need *to shield officials from harassment, distraction, and liability when they perform their duties reasonably*." *Id*. (emphasis added). "The protection of qualified immunity applies regardless of whether the

5

government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks and citation omitted).

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). Essentially, this boils down to "whether the actions are of a type that fell within the employee's job responsibilities." *Id.* (internal quotation marks and citation omitted). There are two parts to this inquiry: whether the defendant "was (a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Id.* Accordingly, investigating crimes, conducting searches, and making arrests are legitimate job-related functions within the discretionary authority of police officers. *Nigro v. Carrasquillo*, 152 F. Supp. 3d 1364, 1368 (S.D. Fla. 2015), *aff'd*, 663 F. App'x 894 (11th Cir. 2016). Officer Angelini and Delgado were indisputably operating in their discretionary capacity. Plaintiff candidly admits that "Both Defendants were acting as cops." (Doc. 1, Pg. 4). Once an officer has met that burden, the burden then shifts to the Plaintiff to show 1) that the conduct violated a constitutional right and 2) the right was clearly established. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).[3]

---

[3] The Supreme Court and Eleventh Circuit have stated that a plaintiff cannot strip a § 1983 defendant of his qualified immunity by citing to general rules or abstract rights. *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987).

"In the past, courts considered those prongs in order. *Corbitt*, 929 F.3d at 1311. Now, courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

b. *Delgado was not the Arresting Officer*

As a threshold matter, both the affidavit and Plaintiff's complaint indicate that Delgado was not the arresting officer. All Plaintiff mentions about Delgado is that he "removed Plaintiff from the sidewalk" and "took no action against the counter protestors." (Doc. 1, Pg. 5). There are no other facts to suggest Delgado was the arresting officer or otherwise participated in the arrest. "[A]n officer cannot be held liable for false arrest under § 1983 if the officer did not participate in the actual arrest or was not in the chain of command supervising the arresting officer." *Diaz v. Miami-Dade Cnty.*, 849 F. App'x 787, 791 (11th Cir. 2021) (citing *Brown v. City of Huntsville*, 608 F.3d 724, 736–37 (11th Cir. 2010)). Delgado asserts he is entitled to qualified immunity on Plaintiff's false arrest claims.

c. *Arguable Probable Cause Existed for Plaintiff's Arrest*

Regardless of who the arresting officer was, Plaintiff's arrest was supported by probable and arguable probable cause, which acts as a complete bar to a 1983 claim for false arrest. *Davis*, 78 F.4th at 1333. Probable cause "does not require anything close to conclusive proof or proof beyond a reasonable doubt that a crime was in fact committed, or even a finding made by a preponderance of the evidence." *Paez v.*

*Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019). Probable cause deals with factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *Maryland v. Pringle*, 540 U.S. 366, 370 (2003). Probable cause exists if the totality of the circumstances known to the officers could persuade a reasonable officer that there is a "substantial chance of criminal activity" by the person who is arrested. *District of Columbia v. Wesby*, 583 U.S. 48 57 (2018). A substantial chance is all that is required, "not an actual showing of such activity." *Id.*; *see also Washington v. Howard*, 25 F.4th 891, 902 (11th Cir. 2022) (holding that the correct standard to evaluate whether an officer had probable cause to arrest a suspect is to "ask whether a reasonable officer could conclude that there was a substantial chance of criminal activity") (alteration adopted) (emphasis added) (*quoting Wesby*, 583 U.S. at 61).

To receive qualified immunity, an officer need not have actual probable cause, but only arguable probable cause. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010). An officer need not even have probable cause for the listed offense, as long as there was probable cause to arrest for *any offense. See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 (11th Cir. 2010). Arguable probable cause exists where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004).

Here, as Plaintiff's conviction shows, there was probable cause to arrest him under Florida Statutes 877.03 and 877.13(1)(a). Under Florida Statute 877.03,

"whoever commits such as a are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quite of persons who may witness them … shall be guilty of a misdemeanor of the second degree." Fla. Stat. 877.03. While Plaintiff may argue that he was engaged solely in "speech" and "protest" his "protest" interfered with the operation of a school. Speech as a means of communication loses its constitutional protection "when 1) by the manner of their use, the words invade the right of others to pursue their lawful activities, or 2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace." *White v. State*, 330 So. 2d 3, 7 (Fla. 1976). From the face of Plaintiff's complaint, his "protest" garnered the attention of parents and "counter protestors," (Doc. 1, Pg. 5), and disrupted a school function. (Ex. 1).

Additionally, under Florida Statute 877.13(1)(a), it is unlawful for any person to "knowingly [] disrupt or interfere with the lawful administration or functions of any educational institution …" Fla. Stat. 877.13(1)(a). Plaintiff's actions clearly garnered much attention and disrupted the normal functions of the elementary school. At minimum, the officers had arguable probable cause to arrest Plaintiff under either state given the disruptive nature of Plaintiff's actions, a determination supported by his convictions. Plaintiff may feel very strongly that he did nothing wrong. This does not overcome the Officers entitlement to qualified immunity. *See Loftin v. City of Prentiss*, 33 F.4th 774, 781 (5th Cir. 2022) ("A suspect's declaration of innocence is not a fact supporting a defense.").

    d. *Viewpoint Discrimination*

9

"[T]he First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). "A restriction on speech constitutes viewpoint discrimination 'when the specific motivating ideology or the opinion or perspective the speaker is the rationale for the restriction.'" *Jackson v. McCurry*, 762 F. App'x 919, 930 (11th Cir. 2019) (*quoting Rosenberger v. Rector & Visitors of Univ. of Vir.*, 515 U.S. 819, 829 (1995). No where in Plaintiff's complaint does the Plaintiff list what viewpoint he had. He cursorily mentions an "anticop viewpoint" but does not explain what his viewpoint was or what his protest was about.

Even if Plaintiff can show that Officers Angelini and Delgado were motivated by disagreement with the unknown message of Plaintiff's "protest," this still does not defeat their entitlement to qualified immunity. "State officials can act lawfully even when motivated by a dislike or hostility to certain protected behavior by a citizen is well established." *Foy v. Holston*, 94 F. 3d 1528, 1534 (11th Cir. 1996), (*citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In this context, state officials are entitled to qualified immunity so long as "the record shows they would have acted as they, in fact, did act even if they had lacked discriminatory intent." *Id*. (*citing Mt. Healthy*, 429 U.S. at 286–87. So, "[w]here the facts assumed for summary judgment purposes in a case involving qualified immunity show mixed motives (lawful and unlawful motivations) and pre-existing law does not dictate that the merits of the case must be decided in plaintiff's favor, the defendant is entitled to immunity." *Id*. at 1535. Here, even if the Officers acted with

10

discriminatory intent (which is not conceded), they otherwise acted in a lawful manner as arguable probable cause existed to arrest the Plaintiff. *Grider*, 618 F.3d at 1257.

    a. <u>*Plaintiff Fails to Present a Proper Claim for Retaliation*</u>

"Retaliation against the exercise of First Amendment rights is a well-established basis for section 1983 liability." *O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1370 (S.D. Fla. 2016) (citing *Bennett v. Hendrix*, 423 F.3d 1247, 1255–56 (11th Cir.2005)). "The elements of a First Amendment retaliation claim are (1) the plaintiff engaged in speech or an act that was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech or act, and (3) there is a causal connection between the retaliatory actions and the adverse effect on the constitutionally-protected speech or act." *Id*. "In order to establish a causal connection, the plaintiff must show that the defendant was subjectively motivated to take the adverse action because of the protected speech." *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194, 1197 (11th Cir. 2011). A plaintiff must generally show lack of probable cause and that the retaliation was a substantial or motivating factor behind the arrest. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1296 (11th Cir. 2019) (*quoting Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019)).

As explained above, there was arguable probable cause to arrest the Plaintiff for violating Fla. Stat. 877 and 877.13(1)(a). Thus, the officers are entitled to qualified immunity on Plaintiff's retaliation claim. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010).

11

e. *Equal Protection Claims are Identical to Viewpoint Discrimination Claims*

Plaintiff appears to be alleging a Fourteenth Amendment equal protection claim based on the allegation that he was treated differently because he exercised his right to free speech. If so, this is just another way of rewording the above mentioned First Amendment claims. *See Watkins v. Bowden*, 105 F.3d 1344, 1354 (11th Cir. 1997). Where plaintiffs allege violations of the Equal Protection Clause relating to expressive conduct, courts "employ 'essentially the same' analysis as ... a case alleging only content or viewpoint discrimination under the First Amendment." *Dariano* v. Morgan Hill Unified Sch. Dist., 767 F.3d 764, 779 (9th Cir. 2021). This claim should be dismissed as duplicative of the First Amendment claims.

## Request for Relief

Wherefore, Officers Angelini and Delgado, in their individual capacities, request this Honorable Court dismiss Plaintiff's complaint with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), undersigned counsel and Plaintiff, Andrew Sheets, pro se, have conferred in good faith via email on the 20th day of August, 2025, regarding the relief requested herein. Mr. Sheets is opposed to the relief requested in this motion.

Respectfully submitted,

/s/ David R. Jadon
David R. Jadon, Esquire

Florida Bar No.: 1010249

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of August, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a true and correct copy of the foregoing through a notice of electronic filing to all parties of record, and on this 20th day of August, 2025 I served copies via e-mail upon the following non-CM/ECF participant: Andrew Bryant Sheets, Pro se, 11408 Pepperdine Street, Punta Gorda, FL 33955 at: deprivationofrightsunderlaw@gmail.com.

/s/ *David R. Jadon*
David R. Jadon, Esquire
Florida Bar No.: 1010249
Roper, Townsend & Sutphen, P.A.
255 S. Orange Avenue, Suite 750
Orlando, FL 32801
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Primary: djadon@roperpa.com
Secondary: lramirez@roperpa.com
*Attorney for Defendants CITY OF PUNTA GORDA, JOSEPH ANGELINI in personal capacity, JOSE DELGADO in personal capacity*