UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

v.                                             Case No.:  2:25-cv-653-SPC-NPM

JOSEPH ANGELINI, in his
personal capacity, and JOSE
DELGADO, in his personal
capacity,

      Defendants.

---

## <u>OPINION AND ORDER</u>

Before the Court are two motions.  The first is Defendants Joseph Angelini and Jose Delgado's motion to dismiss.  (Doc. 12).  Pro se Plaintiff Andrew Sheets responded.[1]  (Doc. 16).  The second is Plaintiff's motion for judicial notice alerting the Court to a purported "material misrepresentation" in Defendants' motion regarding his prior conviction.  (Doc. 14).  Defendants

---

[1] Although Plaintiff is proceeding without a lawyer, he has plenty of experience litigating in federal court.  *See Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM; *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-DNF; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-DNF.

responded to the motion. (Doc. 15). For the reasons below, the Court grants the motion to dismiss and denies the motion to take judicial notice.

## Background

This case is about free speech and law enforcement. On July 22, 2021, Defendants arrested Plaintiff while he was protesting on a public sidewalk in front of Sallie Jones Elementary School in Punta Gorda for breach of the peace (Fla. Stat. § 877.03) and disruption of a school function (Fla. Stat. § 877.13(1)(A)).[2] (Doc. 1 at 5). Plaintiff carried signs depicting aborted fetuses in apparent opposition to abortion and expressed an "anti-cop" viewpoint as well. (*Id.*). According to Plaintiff, prior to his arrest, "counterprotestors," who appear to be parents of children attending the school, attempted to disrupt his demonstration by playing "copyrighted music," using a bullhorn, and by making physical threats against him. (*Id.*). Plaintiff alleges Delgado "took the side of the counterprotestors and physically removed [him] from the sidewalk using force." (*Id.*). Plaintiff also contends that Angelini ordered his arrest but did not charge any of the counterprotestors, even though they were "more aggressive." (*Id.*). In support of this point, Plaintiff claims that in Angelini's

---

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

2

arrest report, one of the counterprotestors, "A. Ackerman," stated that he wanted to "become violent and beat the Plaintiff up."  (*Id.*).

Plaintiff was tried and convicted on the same charges for which he was arrested; adjudication for both counts was withheld.[3]  (*See* Docs. 12-2, 12-3). He unsuccessfully appealed his conviction.  *See Sheets v. State*, 365 So. 3d 377 (Fla. Dist. Ct. App. 2023) (per curiam affirming Plaintiff's convictions). Plaintiff's federal lawsuit against the judge who presided over his criminal case also failed.  *See Sheets v. Bell*, No. 2:23-CV-35-JLB-KCD, 2023 WL 11724681, at \*3 (M.D. Fla. Sept. 12, 2023) (dismissing Plaintiff's case with prejudice). Nevertheless, Plaintiff now brings claims against the arresting officers Angelini and Delgado under 42 U.S.C. § 1983 for retaliation and viewpoint discrimination in violation of the First Amendment, false arrest in violation of the Fourth Amendment, and denial of equal protection in violation of the Fourteenth Amendment.  (Doc. 1 at 3).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint when a plaintiff does not plead facts that make the claim

---

[3] The Court takes judicial notice of the facts regarding Plaintiff's state court convictions and related proceedings.  *See* Fed. R. Evid. 201; *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (explaining that courts may take judicial notice of documents arising from a prior judicial proceeding because they are matters of public record and are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.").  Plaintiff acknowledges the charges and their disposition.  (Doc. 14 at 2).

facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).  This standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  Indeed, "[m]ere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'"  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## Analysis

The Court begins with Plaintiff's false arrest claim.  Despite his convictions for breach of the peace and disruption of a school function, Plaintiff claims that his initial arrest on those charges was unlawful, and he is entitled to recover damages from Defendants.  Defendants argue that Plaintiff's convictions on these charges precludes Plaintiff's claim.  Defendants are correct.

Plaintiff's false arrest claim is barred by the doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  Under this doctrine, "a plaintiff cannot bring a § 1983 claim after being convicted of a criminal offense that arises from the same acts that underlie the civil suit."  *Hoffman v. Beseler*, 760

F. App'x 775, 779 (11th Cir. 2019) (citing *Heck*, 512 U.S. at 487). This is because a plaintiff's success on such claims would "necessarily imply the invalidity of the underlying conviction, which undermines the finality of convictions." *Id.* (citation omitted). So a plaintiff attempting to recover damages in such circumstance must show that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Plaintiff makes no such showing.

Instead, Plaintiff argues that because his adjudication was withheld on the two charges, it is not a "conviction" under Florida law, rendering *Heck* inapplicable. (Doc. 16 at 3). Plaintiff is mistaken. Under Florida law, a "conviction" is defined as "a determination of guilt that is the result of a plea or trial, *regardless of whether adjudication is withheld*." Fla. Stat. § 921.0021(2) (emphasis added). And indeed, courts have held that *Heck* operates to bar claims where adjudication for the underlying charges was withheld. *See, e.g.*, *Hoffman*, 760 F. App'x at 779 (applying *Heck* despite the fact the plaintiff's criminal adjudication was withheld); *Betts v. Hall*, No. 3:14CV33/MCR/EMT, 2015 WL 3447500, at *10 n.11 (N.D. Fla. May 27, 2015), *aff'd*, 679 F. App'x 810 (11th Cir. 2017) ("*Heck* applies even though . . .

adjudication was withheld."). So the fact that adjudication was withheld in Plaintiff's criminal case does not render *Heck* inoperable.[4]

In sum, Plaintiff was convicted on the very arrests he now claims were unlawful. He already sought and has been denied postconviction relief, so there is no basis to question those convictions.[5] With no other argument from Plaintiff, *Heck* bars this Court from allowing Plaintiff's § 1983 false arrest claim to proceed. The Court dismisses Plaintiff's false arrest claim with prejudice.

Next, Plaintiff's retaliation claim. To state a retaliation claim, a plaintiff generally must show: (1) he engaged in constitutionally protected speech, such as his right to petition the government for redress; (2) the defendant's retaliatory conduct adversely affected that protected speech and right to petition; and (3) a causal connection exists between the defendant's retaliatory conduct and the adverse effect on the plaintiff's speech and right to petition. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). Plaintiff alleges Defendants arrested him in retaliation for his protest.

---

[4] Because Florida law treats a withheld adjudication as a conviction, Defendants made no material misrepresentation when they asserted Plaintiff was convicted for *Heck* purposes. For this reason, Plaintiff's motion for the Court to take judicial notice that he was not convicted (Doc. 14) is denied.

[5] While Plaintiff seems to argue that he was unlawfully arrested (Doc. 16 at 7), he fails to show that the convictions have been invalidated in any way by a court. So his argument is unmoving.

Defendants maintain that Plaintiff's retaliation claim fails because probable cause existed for the arrest.[6]  Generally, a plaintiff must show a lack of probable cause for the arrest and that the retaliation was a substantial or motivating factor behind the arrest to succeed on a retaliatory arrest claim. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1296 (11th Cir. 2019) (quoting *Nieves v. Bartlett*, 597 U.S. 391, 403 (2019)).  Plaintiff does not show a lack of probable cause in his complaint.  Nor can he, given his conviction on the same charges for which he was arrested.  *See Kelly v. Serna*, 87 F.3d 1235, 1241 (11th Cir. 1996) ("A jury conviction is conclusive of probable cause unless there was fraud.").  But the inquiry does not end there.

There are "two narrow exceptions" where probable cause does not defeat a retaliation claim.  *Turner v. Williams*, 65 F.4th 564, 585 (11th Cir. 2023). The first is "when the 'unique' five factual circumstances" from *Lozman v. Riviera Beach*, 585 U.S. 87, 100 (2018), are all present.[7]  *Turner,* 65 F.4th at 585 (citation omitted).  The second exception exists "where officers have probable cause to make arrests, but typically exercise their discretion not to do so."  *Id.* (citing *Nieves*, 597 U.S. at 406).  To meet this exception, a plaintiff

---

[6] Defendants devote significant space in their motion to the defense of qualified immunity. The Court notes those arguments but declines to consider them at this juncture given Plaintiff will be given leave to amend this claim.

[7] As to the first exception, Plaintiff does not even try to satisfy it.  So the Court does not devote any further analysis on that issue.

generally "presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 597 U.S. at 407. The "statements and motivations of the particular arresting officer are irrelevant" to the second exception. *Id.* (cleaned up).

Trying to satisfy the second exception, Plaintiff alleges the "counterprotestors" engaged in similar or more violent conduct than him but were not arrested. For instance, a "counterprotestor" named Ackerman (a parent of two children at the school) was present during the relevant events and stated "he wished to become violent and beat the Plaintiff up." (Doc. 1 at 5). Plaintiff also alleges the counterprotesters used a bullhorn and played loud music. Despite Ackerman's allegedly violent conduct and the volume of other counterprotesters, Defendants did not arrest them for breach of peace or disruption of a school function. In Plaintiff's view, the only explanation for this disparate treatment is the counterprotesters held a different viewpoint than he did.

The problem for Plaintiff is he pleads no facts showing the counterprotesters held a different viewpoint than his. Instead, he tries to get around this by using the conclusory label "counterprotestor." But this label does not indicate they were protesting or opposed to Plaintiff's viewpoint—as opposed to, perhaps, his general presence around young children with graphic

images of aborted fetuses. Frankly, Plaintiff does not plead facts suggesting the "counterprotesters" were trying to convey a viewpoint at all, only that his presence irritated them. His failure to allege the counterprotesters' viewpoint is fatal. *See Sheets v. Jimenez*, No. 2:24-CV-704-SPC-KCD, 2025 WL 807345, at *3 (M.D. Fla. Mar. 13, 2025) (finding Plaintiff's cited comparators inadequate because he failed to allege their viewpoint, "let alone that their viewpoint differs from his"); *Matacchiero v. McCormick*, No. 3:24CV105-TKW-ZCB, 2024 WL 3629442, at *6 (N.D. Fla. Aug. 1, 2024) (dismissing a First Amendment claim because the plaintiff "did not identify any other speakers who had different viewpoints than him").

Plaintiff's attempt to portray Ackerman as violent also falls short. He alleges that Ackerman stated, "he wished to become violent and beat the Plaintiff up." (Doc. 1 at 5). But there is no allegation Ackerman became violent. So Ackerman is not an adequate comparator either.

Ultimately, Plaintiff fails to allege the "counterprotesters" were similarly situated to him. As such, he fails to allege facts showing he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been. Without meeting this standard, probable cause bars Plaintiff's retaliation claim. So the Court dismisses Plaintiff's retaliation claim without prejudice.

Now, Plaintiff's viewpoint discrimination claim. "A restriction on speech constitutes viewpoint discrimination 'when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.'" *Jackson v. McCurry*, 762 F. App'x 919, 930 (11th Cir. 2019) (quoting *Rosenberger v. Rector & Visitors of Univ. of Vir.*, 515 U.S. 819, 829 (1995)). The crux of Plaintiff's claim is that he was arrested because of his anti-abortion and anti-police viewpoint while others similarly situated—who do not share that same viewpoint—were not. This is a selective-enforcement claim.

Plaintiff's selective-enforcement claim fails for the same reason as his retaliation claim: he fails to allege adequate comparators. Without adequate comparators, Plaintiff "cannot show viewpoint discrimination based on selective enforcement." *Matacchiero* 2024 WL 3629442, at *6; *Sheets*, 2025 WL 807345, at *3 (dismissing Plaintiff's First Amendment selective-enforcement claim for failing to cite adequate comparators); *see also Sheets v. Jimenez*, No. 2:24-CV-704-SPC-KCD, 2025 WL 1725954, at *3 (M.D. Fla. June 20, 2025) (same). So the Court dismisses the viewpoint discrimination claim without prejudice as well.

The Court finally addresses Plaintiff's Fourteenth Amendment equal protection claim. Plaintiff appears to base this claim on the same facts as his First Amendment claims, *i.e.*, he was subjected to unequal treatment (his

arrest) because of his speech. So Defendants argue it should be dismissed as duplicative.

The issue is not that Plaintiff's Fourteenth Amendment is duplicative; rather, it is not a cognizable claim. The Eleventh Circuit has explained that when a plaintiff claims an equal protection violation based solely on his speech, the claim arises under the First Amendment, not the Fourteenth Amendment. *See Watkins v. Bowden*, 105 F.3d 1344, 1354–1355 (11th Cir. 1997) (explaining in an employment discrimination case that "[t]o the extent [plaintiff] contends that she was dismissed because of her expressive activity, that claim arises under the First Amendment" rather than the Fourteenth Amendment) (citing cases); *Ratliff v. DeKalb Cnty.*, 62 F.3d 338, 340 (11th Cir. 1995) (reversing denial of qualified immunity on equal protection retaliation claim because "[t]he right to be free from retaliation [for making complaints of discrimination] is clearly established as a first amendment right and as a statutory right under Title VII; but no clearly established right exists under the equal protection clause to be free from retaliation."); *see also Louissaint v. Miami-Dade Cnty.*, No. 21-24141-CIV, 2022 WL 22883775, at *7 (S.D. Fla. Nov. 3, 2022) (explaining the plaintiff's attempt to bring a retaliation claim under the equal protection clause "is the exact type of freestanding retaliation claim rejected in *Watkins*."). In fact, Plaintiff concedes that his equal protection claim is "intertwined" with his First Amendment claims and is based on the same

expressive conduct as those claims. (Doc. 16 at 14). Because Plaintiff's claim does not implicate the Equal Protection Clause, the Court dismisses it with prejudice.

The Court will give Plaintiff one additional opportunity to get this case off the ground. Any further pleading deficiencies will result in dismissal of this action with prejudice. *See Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) ("A district court need not allow an amendment where there has been repeated failure to cure deficiencies by amendments previously allowed." (cleaned up)).

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**.

   a. Plaintiff's false arrest claim and equal protection claim are dismissed with prejudice.

   b. Plaintiff's viewpoint discrimination and retaliation claims are dismissed without prejudice.

2. Plaintiff's Motion for Judicial Notice (Doc. 14) is **DENIED**.

3. On or before **November 11, 2025**, Plaintiff may file an amended complaint. **Failure to do so will cause the Court**

to dismiss this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

13