UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

      Plaintiff,

v.                                                          Case No.:  2:25-cv-653-SPC-NPM

JOSEPH ANGELINI, in his
personal capacity, and JOSE
DELGADO, in his personal
capacity,

      Defendants.

---

## <u>OPINION AND ORDER</u>

Before the Court is Defendants Officer Joseph Angelini and Officer Jose Delgado's Motion to Dismiss the Amended Complaint.  (Doc. 26).  Plaintiff Andrew Sheets, proceeding pro se,[1] responded.  (Doc. 28).  For the below reasons, the Court denies the motion.

---

[1] Although Plaintiff proceeds without a lawyer, he often litigates in federal court.  *See, e.g.*, *Sheets v. City of Punta Gorda, Florida*, 2:19-cv-484-SPC-MM, *Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-DNF; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM*; Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-DNF; *Sheets v. Renz et al.*, 2:25-cv-1000-KCD-DNF.

## Background[2]

This case concerns free speech and law enforcement. On July 22, 2021, Defendants arrested Plaintiff as he engaged in a protest on a public sidewalk in front of Sallie Jones Elementary School ("School") in Punta Gorda.[3] Plaintiff carried a sign depicting aborted human fetuses in opposition to abortion. Plaintiff also displayed an anti-police viewpoint by wearing a shirt saying, "Fuck the Police." (Doc. 25 ¶¶ 3, 21).

During his protest, Plaintiff encountered Dale Qualls and Megan Wilson.[4] Plaintiff alleges Qualls and Wilson were "counterprotestors" that sought to "censor his message." (*Id.* ¶ 12). During their encounter, Qualls stated he is pro-choice and engaged Plaintiff in a "debate about abortion." (*Id.* ¶¶ 28, 34). Plaintiff also alleges Qualls and Wilson exhibited "a viewpoint of being Anti Andrew [S]heets." (*Id.* ¶ 12). Qualls and Wilson disrupted Plaintiff's protest by using a bullhorn to drown out "all the disturbing and disruptive things he was screaming." (*Id.*). Wilson "told [Plaintiff] to get away

---

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

[3] Plaintiff states the events giving rise to his claims occurred on July 23, 2021. (*See, e.g.*, Doc. 25 ¶ 10). That said, the timestamps on screenshots of the events Plaintiff includes in his Amended Complaint indicate the incident occurred on July 22, 2021. (*Id.* ¶ 32). Defendants also state the incident occurred on the earlier date. (Doc. 26 at 1).

[4] Plaintiff alleges another individual named "A. Ackerman . . . wanted to become violent" and beat up Plaintiff. (Doc. 25 ¶ 18). The Court previously discussed the irrelevance of the allegations regarding Ackerman. (Doc. 23 at 8, 9). Because Plaintiff adds nothing new regarding Ackerman, the Court disregards him in resolving this motion.

from the school [because] he was scaring kids and parents."[5] (*Id.* ¶ 25). Wilson also shouted "we don't want you here" at Plaintiff. (*Id.* ¶ 33). According to Plaintiff, Qualls and Wilson's counterprotest "was more disruptive[,] louder and more aggressive" than his protest. (*Id.* ¶ 13). Yet Qualls and Wilson were never arrested or charged by Defendants.[6]

By contrast, Defendants arrested Plaintiff for breach of the peace (Fla. Stat. § 877.03) and disruption of a school function (Fla. Stat. § 877.13(1)(A)).[7] Plaintiff alleges Officer Delgado "took the side of the counterprotestors and physically removed [him] from the sidewalk using force." (Doc. 25 ¶ 15). While making the arrest, Officer Delgado pointed to Plaintiff's sign and said, "you don't want that in front of little kids." (*Id.*). Officer Delgado also said, "don't call me [c]op" as he "shoved" Plaintiff from the sidewalk. (*Id.*). Officer Angelini wrote the incident report, which included the charges for Plaintiff's arrest.

Plaintiff sues Defendants, claiming that they arrested him because of his protest's messages. He brings claims against Defendants Angelini and

---

[5] Plaintiff relies on statements from Qualls and Wilson in Defendants' incident report, which is attached to the previous motion to dismiss. (Doc. 12-1). Because Plaintiff relies on the report and its authenticity is undisputed, the Court may consider it. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

[6] Plaintiff references a video of the incident but provides no copy of it to the Court. He does include photos which appear to be screenshots from the video. (Doc. 25 ¶¶ 30, 32, 36).

[7] "Plaintiff was tried and convicted" on these charges. (Doc. 23 at 3). Plaintiff's attempt to overturn his conviction failed. *See Sheets v. State*, 365 So. 3d 377 (Fla. Dist. Ct. App. 2023) (affirming Plaintiff's convictions). So did his federal lawsuit against the judge who presided over his criminal case. *See Sheets v. Bell*, No. 2:23-CV-35-JLB-KCD, 2023 WL 11724681, at *3 (M.D. Fla. Sept. 12, 2023) (dismissing Plaintiff's complaint with prejudice).

Delgado under 42 U.S.C. § 1983 for retaliation and viewpoint discrimination under the First Amendment.  (Doc. 25 ¶¶ 44–79).  Defendants move to dismiss all the claims against them, arguing that Plaintiff fails to state a claim, and they are entitled to qualified immunity.  (Doc. 26).

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint when a plaintiff does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).  This standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  Indeed, "[m]ere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'"  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## Analysis

First, Plaintiff's viewpoint discrimination claims.  "A restriction on speech constitutes viewpoint discrimination when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the

restriction." *Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp. 3d 1115, 1123–24 (M.D. Fla. 2019) (quoting *Jackson v. McCurry*, 762 F. App'x 919, 930 (11th Cir. 2019)). As the Court explained in its previous order, Plaintiff's claim that Defendants arrested him but not others who did not share his viewpoint is a selective enforcement claim. (Doc. 23 at 10). "A critical element of a selective enforcement claim is that a comparator or, in other words, others similarly situated have been treated differently than the plaintiff." *Shadow Oaks, LLP v. City of Ocala*, No. 5:21-CV-564-ACC-PRL, 2022 WL 22247808, at *5 (M.D. Fla. Nov. 4, 2022) (quotation omitted), *report and recommendation adopted*, 2022 WL 22247805 (Dec. 1, 2022). Defendants argue that Plaintiff still fails to plead proper comparators, so his claims should be dismissed. (Doc. 26 at 12).

In response, Plaintiff points to Qualls and Wilson as comparators. Defendants arrested Plaintiff for breach of the peace and disruption of a school function while he expressed his anti-police and anti-abortion viewpoints during his protest. At the same time, Qualls and Wilson—who allegedly did not share Plaintiff's viewpoints—engaged in a counter protest louder and more disruptive than Plaintiff's protest. Yet, Defendants only arrested Plaintiff. Accepting these facts as true, Plaintiff plausibly states Qualls and Wilson as comparators. Therefore, he states a First Amendment selective enforcement claim.

Now, the retaliation claims. "To state a claim for First Amendment retaliation, a plaintiff must allege that he engaged in protected speech, that the official's conduct adversely affected the protected speech, and that a causal connection exists between the speech and the official's retaliatory conduct." *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) (citation omitted). Plaintiff alleges Defendants arrested him in retaliation for the messages of his protest. (Doc. 25 ¶¶ 15, 18).

Defendants argue they had probable cause to arrest Plaintiff, which extinguishes his retaliation claim.[8] Defendants are correct that "[t]he presence of probable cause should generally defeat a First Amendment retaliatory arrest claim." *DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1296 (11th Cir. 2019) (quotation omitted). That said, the existence of probable cause does not end the inquiry.

In *Nieves v. Bartlett*, 587 U.S. 391 (2019), the Supreme Court created a narrow exception to the rule that the existence of probable cause bars a retaliatory arrest claim. The exception applies "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.* at 407; *see also Gonzalez v. Trevino*, 602 U.S. 653, 655 (2024) (explaining the

---

[8] The Court previously determined probable cause existed for Plaintiff's arrest. (Doc. 23 at 7).

*Nieves* exception). Proper comparators satisfy this exception. *See Gonzalez*, 602 U.S. at 668 (Alito, J., concurring) ("The *Nieves* exception is most easily satisfied by strong affirmative evidence that the defendant let other individuals off the hook for comparable behavior."); *Schilling v. Doherty*, No. 25-10321, 2026 WL 412038, at *3 (11th Cir. Feb. 13, 2026) (noting that evidence defendants failed to arrest "other protestors" for violating the law plaintiff violated could invoke the *Nieves* exception).

Plaintiff relies on *Nieves* and *Gonzalez* to argue his retaliation claim should survive dismissal. In support, he points to Qualls and Wilson. He argues they also engaged in disruptive activity by countering his protest, yet Defendants did not arrest or charge them.[9] As previously discussed, Qualls and Wilson—who allegedly do not share Plaintiff's viewpoints—are valid comparators. So under *Nieves*, Plaintiff's retaliation claims survive dismissal under Rule 12(b)(6).

This leaves Defendants' qualified immunity defense. "The doctrine of qualified immunity protects government officials 'from liability for civil

---

[9] Plaintiff also relies on three protests where he alleges Defendants issued no citations: a March for Our Lives protest that occurred in 2018, a Black Lives Matter protest that occurred in 2020, and an "abortion protest" that occurred in 2022. (Doc. 25 ¶¶ 38–43). These allegations do not invoke the *Nieves* exception, as Plaintiff fails to allege any of the protestors' conduct violated the laws for which he was arrested and convicted. Nor does he allege Defendants were present at these protests and exercised their discretion not to arrest. *See Sheets v. Martin*, No. 2:25-CV-444-SPC-NPM, 2026 WL 74078, at *3 (M.D. Fla. Jan. 9, 2026) (rejecting identical comparators for similar reasons).

damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (internal quotation marks and citation omitted). "When a court concludes the defendant was engaged in a discretionary function, 'the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity.'" *Hill v. Cundiff*, 797 F.3d 948, 978 (11th Cir. 2015) (quoting *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)).

The Court finds that Defendants' actions fall within their discretionary authority. "Investigating crimes, conducting searches, and making arrests are legitimate job-related functions within the discretionary authority of police officers." *Nigro v. Carrasquillo*, 152 F. Supp. 3d 1364, 1368 (S.D. Fla. 2015) (quotation omitted), *aff'd*, 663 F. App'x 894 (11th Cir. 2016). Plaintiff does not dispute this point. So the only question is whether he demonstrates that Defendants violated clearly established law.

Plaintiff meets his burden to show that Defendants are not entitled to qualified immunity at this stage. A plaintiff may show that a right was clearly

8

established by pointing to a "broader, clearly established principle that should control the novel facts of his situation." *Garcia v. Casey*, 75 F.4th 1176, 1185 (11th Cir. 2023) (cleaned up). Plaintiff takes this approach. (Doc. 28 at 4) (citing *Moms for Liberty - Brevard Cnty., FL v. Brevard Pub. Schs.*, 118 F.4th 1324 (11th Cir. 2024)). Eleventh Circuit case law holds that conduct—alleged as viewpoint discrimination and retaliation—violates clearly established law. *See, e.g.*, *Jarrard v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1325 (11th Cir. 2024) ("[T]he law is clearly established that the state cannot engage in viewpoint discrimination."); *Bennett v. Hendrix*, 423 F.3d 1247, 1256 (11th Cir. 2005) ("[I]t is settled law that the government may not retaliate against citizens for the exercise of First Amendment rights[.]" (internal quotation omitted)). At this stage, Defendants are not entitled to qualified immunity for their actions.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss the Amended Complaint (Doc. 26) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

9